CHRISTINA V. EVANS, as EXECUTRIX, ETC., OF AURELIA T. BUCKLAND, DECEASED, RESPONDENT, *v.* GROVER CLEVE-LAND, APPELLANT.

*Revival of action against sheriff — when barred by one-year statute — effect, of order allowing supplemental complaint to be filed.*

The original plaintiff in this action died after the joinder of issue herein, and on December 8, 1874, leaving a will by which plaintiff was appointed executrix. Letters testamentary were issued to her thereunder on February 9, 1875. On December 26, 1876, on a notice served December 18, 1876, an order was granted, after hearing defendant's counsel, that plaintiff have leave to file and

serve a supplemental complaint for the purpose of reviving and continuing the action in the name of plaintiff

On January 3, 1877, this order was served with a supplemental complaint. The action was brought against the sheriff of Erie county for acts done in virtue of his office. The defendant set up in his answer, among other defenses, that more than a year had elapsed between the appointment of the plaintiff and her application for a revival of the action, and claimed that the one-year statute was a bar to this action. *Held*, that plaintiff's right to revive the action was barred, and a nonsuit should have been ordered.

APPEAL from a judgment in favor of the plaintiff entered upon a verdict of a jury, and from an order made in the said action, allowing the plaintiff to make and file a supplemental complaint.

This action, originally, was in the name of Aurelia T. Buckland as plaintiff, against the defendant, who was sheriff of Erie county. It was commenced in April, 1874, and was in trover for a stock of drugs, etc.

The answer was a general denial, and also that the property belonged to one Hull, and was taken by defendant, as sheriff, on an attachment against Hull, and afterward sold on execution against him. Buckland died on December 8, 1874, leaving a will, with plaintiff Evans as her executrix. This will was proven, and letters testamentary issued to Evans on February 9, 1875, she qualifying that day. On 26th December, 1876, upon affidavit and notice served December 18, 1876, and proposed supplemental complaint, an order was granted by the Erie Special Term, on motion of plaintiff, after hearing defendant's counsel, "that the plaintiff have leave to file and serve a supplemental complaint, for the purpose of reviving this action, and continuing it in the name of Christina V. Evans, the executrix of Aurelia T. Buckland, plaintiff, deceased." On January 3, 1877, this order and supplemental complaint was served. This complaint set out the original cause of action, a history of the proceedings, death of former plaintiff, appointment of Evans, alleged that the cause of action survived, and prayed for the revivor of the action in name of this plaintiff, and that she as such plaintiff, have judgment for the value of the property. The answer to this set up the same matter as the former answer, and also that more than one year had elapsed since the plaintiff's appointment, and her application to revive, and therefore the action was barred. Upon the trial

it appeared that defendant was sheriff; that the acts complained against him were done by him as sheriff, and that more than a year elapsed after the appointment of plaintiff and her attempt to revive the action. The defendant thereupon moved for a nonsuit, on the ground that the one year statute was a bar.

This was denied on the following grounds:

That the right of a representative of a deceased party to continue an action pending at his death is not an absolute right, but rests in the legal discretion of the court, and may be granted or refused according to the particular circumstances of each case.

That in this case the court had exercised such discretion and allowed the substitution, and such order was in force and unreversed.

That when the laches was such as to bar, it was a bar to the proceedings to revive the suit, and was not available as a plea in bar to the plaintiff's cause of action set forth in the complaint.

That the answer setting up the defense of the statute of limitations was not a bar to the plaintiff's recovery upon her alleged cause of action. To which ruling and decision the defendant's counsel then and there duly excepted. The case then went to the jury on the facts, and they found for plaintiff.

*M. A. Whitney*, for the appellant. This action comes within the provision of chapter 733, Session Laws of 1871, and must be brought within one year after the cause of action has accrued. Prior to 1871 the limitation was three years. (*Dennison* v. *Plumb*, 18 Barb., 89; *Cumming* v. *Brown*, 43 N. Y., 514; *People* v. *Schuyler*, 4 id., 173; *Coddington* v. *Carnley*, 2 Hilt., 528.) It is now well settled that the right to serve a supplemental complaint is not absolute, but one resting in the sound discretion of the court, and for which leave of the court must first be obtained. (*Sohn* v. *Fargo*, 47 How., 288.) The order does not nor can it adjudicate in advance, upon those issues which it is the office of the supplemental complaint and answer to present, and one of the most important of those issues may relate to the capacity and legal right of the plaintiff to continue the action. (*Robbins* v. *Wells*, 26 How., 15; *Wing* v. *Ketchum*, 3 How., 385; *Arthur* v. *Griswold*, 60 N. Y., 143; *Medbury* v. *Swan*, 46 id., 200.) The statute of limitations presented a "flat bar" to the right to revive in this case. (*Huntington* v. *Brinkerhoff*, 10

Wend., 278; 2 Barb. Ch. Pr. [2d ed.], 53; *Beach* v. *Reynolds*, 53 N. Y., 1.)

*J. M. Humphrey*, for the respondent.

MERWIN, J.:

The only point is whether the defendant can avail himself of the one-year statute of limitations, by reason of the fact that more than one year elapsed after the appointment of the plaintiff as executrix, and before her motion for leave to file a supplemental complaint. The act of the defendant complained of was within the statute (chap. 733 of 1871, § 2), and I see no reason why this statute should not be interpreted the same as any other statute of limitations.

It was held in this department, in *Beach* v. *Reynolds* (64 Barb., 506, 521), and affirmed in Court of Appeals, in same case (53 N. Y., 1), that the statute of limitations was a good plea to a bill of revivor, and that was declared to be the settled law and a flat bar to proceedings to revive. That was an appeal from an order, ordering the suit to be revived and continued on a supplemental complaint, on the ground the court had no discretion to deny it. That order was reversed and motion to revive denied.

If it is true that the statute is a flat bar to proceedings to revive, then, as the facts of the case are not disputed, there ought to be some way in which the defendant can get the benefit of his clear right.

As far as the applicant is concerned, the order to revive is discretionary, but, query, whether the court, in *Beach* v. *Reynolds*, meant to hold that the rights of a defendant in such a case could be cut off by the exercise of the discretionary power of the court. If the statute to defendant was a flat bar, there was no discretion about it; the order, if it assumed to pass upon it, necessarily involved the merits, and would be reviewable on appeal from the judgment.

In *Arthur* v. *Griswold* (60 N. Y., 143) it was held that the objection that the cause of action did not survive could be raised, and be available at the trial, notwithstanding an order at Special Term reviving the action.

If that objection, why not any other, going to the right to revive? (See *Robbins* v. *Wells*, 26 How., 15.)

In the present case, the order at Special Term does not assume to pass upon the right to revive. It merely gives leave to file and serve a supplemental complaint, for the purpose of reviving and continuing the action. Such complaint, when served, alleges the facts on which plaintiff claims the right to revive, and prays for a revivor. The answer puts these at issue, and sets up an affirmative defense to the revivor, being the statute. One of the issues, therefore, by the pleadings, as voluntarily made by both parties, is whether there shall be a revivor. Upon such issue, with others, the parties go to trial. It is too late then for the plaintiff to say that the issue of revivor was disposed of by a discretionary order at Special Term. The defendant has acted upon the supplemental complaint, which presented to him that issue to answer.

I think, therefore, the issue of revivor should have been passed upon at Circuit. The facts were conceded, and within the rule in *Beach* v. *Reynolds*, the defense of defendant to the bill to revive was fully made out, and he was entitled to a nonsuit.

The judgment should be reversed and new trial ordered, costs to abide event.

Present — TALCOTT, P. J., SMITH AND MERWIN, JJ.

Judgment reversed and new trial ordered, costs to abide event.